UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS E. GECEWICZ,<br>Plaintiff, | : | CIVIL CASE NO. |
| VS. | : | |
| CITY OF BRIDGEPORT<br>Defendant. | : | SEPTEMBER 30, 2021 |

## COMPLAINT

**I.   PRELIMINARY STATEMENT**

1. This action seeks declaratory, injunctive, and equitable relief, monetary and compensatory damages, and costs and attorney fees to remedy the unlawful disability discrimination suffered by the plaintiff when the defendant summarily placed the plaintiff on administrative leave with pay and conditioned his return to work on his submitting himself to a psychological examination, in violation of the Rehabilitation Act of 1973, as amended, Title 29 U.S.C. §§ 791 and 794, which incorporates by reference Section 706 of Title VII of the Civil Rights Act of 1964, as amended, Title 42 U.S.C. §§ 2000e-5 (f) through (k) and 2000e-16.

**II.   JURISDICTION**

2. This action arises under the provisions of the Rehabilitation Act, Title 29 U.S.C. §§ 791 and 794, which incorporates by reference Section 706 of Title VII of the Civil Rights Act of 1964, as amended, Title 42 U.S.C. §2000e-5 and §2000e-16, and Title 28 U.S.C. §§1331, §1343(a)(3), §1343(a)(4) and Title 42 U.S.C. §2000e-5(f), and Title 28 U.S.C. §2201.

3. Jurisdiction is invoked pursuant to Title 28 U.S.C. §1343(a)(3), Title 28 U.S.C. §1343(a)(4).

4. Declaratory, injunctive, monetary damages, compensatory damages, and equitable relief is sought pursuant to Title 28 U.S.C. §2201, §2202, and Title 29 U.S.C. § 794a.

5. Compensatory damages are sought pursuant to Title 42 U.S.C. §1981a, and Title 29 U.S.C. §794a.

6. Costs and attorney fees may be awarded pursuant to Title 42 U.S.C. §2000e-5(k), Title 29 U.S.C. §794a and Title 42 U.S.C. §1988.

## III. VENUE

7. This action properly lies in the District of Connecticut pursuant to Title 28 U.S.C. §1391(b) because the claim arose in this judicial district, and pursuant to Title 42 U.S.C. §2000e-5(f) (3), because the unlawful employment practices were committed in this judicial district.

## IV. PARTIES

8. The plaintiff is a citizen of the United States residing in the State of Connecticut.

9. The defendant is an employer within the meaning of the provisions of the Rehabilitation Act.

10. The plaintiff is an employee within the meaning of the provisions of the Rehabilitation Act.

11. Title 29 U.S.C. § 794 provides, in relevant part, "[n]o otherwise qualified individual with a disability in the United States, as defined in section 7(20) [29 USCS § 705(20)], shall, solely by reason of his or his disability, be excluded from the

12. participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance…"

12. Title 29 U.S.C. § 794 further provides, in relevant part, "[f]or the purposes of this section, the term "program or activity" means all of the operations of--(1) (A) a department, agency, special purpose district, or other instrumentality of a State or of a local government."

13. The defendant accepts and receives federal funds for programs it manages and maintains.

V. **FACTS**

14. The plaintiff possesses an extensive background and expertise in the field of public health.

15. The plaintiff has been awarded a Certificate of Achievement in Public Health Scholars Program Public Leadership Institute (equivalent to a master's degree) by the Center for Disease Control and Prevention and the joint Universities of California.

16. Additionally, the plaintiff has been awarded a Certificate of Professional Achievement in Hazardous Waste Management, School of Environmental & Regulatory Management (post grad-master's degree equivalent) by Northeastern University.

17. The plaintiff possesses a Bachelor of Science degree in Business Administration and a minor in Urban Government issued to him by North Adams State College, North Adams, MA.

18. Additionally, the plaintiff has been awarded a Master's Degree in Public Administration by Northeastern University.

19. The plaintiff has also served as head of various health departments including the city of Bridgeport, the city of New Bedford on an interim basis, Edgecombe County, North Carolina, Braintree, Massachusetts, and Fall River, Massachusetts.

20. The plaintiff has been continuously employed by the defendant in various positions since February 2017.

21. The plaintiff is currently employed by the defendant in the position of Blight Officer #4, assigned to the City of Bridgeport Department of Health & Social Services, whose director is Ebony Jackson-Shaheed, MPH.

22. The plaintiff's immediate supervisor is Audrey M. Gaines, Deputy Enforcement Officer.

23. Prior to his employment as a Blight Officer #4, the plaintiff was employed by the defendant in the Department of Public Facilities and his responsibilities included insurance recovery tasks.

24. The defendant has provided the plaintiff with inadequate training on the newest management software, Energov, which the Department of Health and Social Services has recently implemented.

25. On July 29, 2021, Audrey M. Gaines issued the plaintiff a "Written Warning" allegedly because the plaintiff does not meet time frames and his performance "has gotten worse since the implementation of Energov." *Exhibit 1.*

26. The written warning document was dated June 16, 2021, but signed by Audrey M. Gaines over one month later on July 29, 2021. *Exhibit 1.*

27. The issuance of the written warning to the plaintiff, a highly accomplished expert in the field of public health, was a degrading and unwarranted act by agents of the defendant.

28. The plaintiff, by happenstance, had an opportunity to informally discuss the written warning that he had been issued and the inadequate training he had been provided on the Energov system with Patricia Rowe, Special Projects Coordinator, Chief Administrator's Office, City of Bridgeport, on or about August 31, 2021.

29. Patricia Rowe ignored the plaintiff's insistence that he be provided additional training and his disagreement with the written warning that had been issued to him.

30. The plaintiff has never exhibited any indication or symptom that he suffers from a mental impairment, or that he poses a threat, in any manner, to the health and safety of his co-workers, and/or the public at large.

31. On September 3, 2021, Tamara J. Titre, Esq., Senior Labor Relations Officer, without any discussion with the plaintiff, notified the plaintiff by email that "effective immediately, and until further notice, you are hereby placed on administrative leave with pay pending the results of your psychological examination…" *Exhibit 2*.

32. The defendant lacked reasonable basis to require the plaintiff to undergo a psychological evaluation.

33. The defendant was not justified by business necessity in requiring the plaintiff to undergo a psychological evaluation.

34. Conditioning the plaintiff's return to work on his submitting to a psychological evaluation constitutes a violation of the provisions of the Rehabilitation Act, which prohibit an employer from requiring an employee to undergo a medical examination,

and from making inquiries of an employee "as to whether such employee is an individual with a disability or as to the nature or severity of the disability."

35. The defendant instructed the plaintiff that he was required to undergo a psychological evaluation before it would allow him to return to work.

36. The defendant's conduct in placing the plaintiff on administrative leave with pay and conditioning his return to work on the plaintiff submitting himself to a psychological evaluation is not justified by the defendant's business necessity.

37. The plaintiff has suffered emotional distress because of the defendant's discriminatory conduct.

## VI. FIRST CAUSE OF ACTION (Violation of the Rehabilitation Act)

38-74. The plaintiff incorporates as if re-alleged paragraphs 1 through 37.

75. The requirement that the plaintiff submit to a psychological evaluation as a condition of allowing him to return to work constitutes a violation of the provisions of the Americans with Disabilities Act, Title 42 U.S.C. § 12112(d)(4)(A), as made applicable to the Rehabilitation Act, which prohibit an employer from requiring an employee to undergo a medical examination, and from making inquiries of an employee "as to whether such employee is an individual with a disability or as to the nature or severity of the disability."

76. Requiring the plaintiff to undergo a psychological evaluation is an intrusive medical examination, unrelated to the plaintiff's job duties and not justified by business necessity.

77. The defendant removed the plaintiff from his job and conditioned his return to his position on his submission to a psychological examination only after the plaintiff

complained that he had been unfairly disciplined and requested additional training in the Energov management software system.

78. Complaining about the fairness of unwarranted discipline and requesting training on a new software program do not justify requiring the plaintiff to undergo a psychological examination.

79. The defendant lacked a legitimate, reasonable basis for requiring the plaintiff to submit to a psychological evaluation before allowing him to return to work.

80. The discriminatory actions of the defendant caused, continues to cause, and will cause the plaintiff to suffer mental anguish, loss of enjoyment of life and other non-pecuniary losses.

81. The discriminatory actions of the defendant have caused the plaintiff to suffer emotional distress.

### VII. PRAYER FOR RELIEF

WHEREFORE, THE PLAINTIFF PRAYS THAT THIS COURT:

a. Declare the conduct engaged by the defendant to be in violation of the plaintiff's rights;

b. Enjoin the defendant from engaging in such conduct;

c. Require the defendant to unconditionally restore the plaintiff to his job;

d. Prohibit the defendant from conditioning the plaintiff's return to his job on his submitting to a psychological examination;

e. Award plaintiff compensatory damages;

f. Award the plaintiff punitive damages;

g. Award plaintiff costs and attorney fees; and

      h.  Grant such other and further relief as the Court may deem just and proper.

## VIII. JURY DEMAND

**THE PLAINTIFF REQUESTS A TRIAL BY JURY.**

                THE PLAINTIFF – THOMAS E. GECEWICZ

                BY/s/ Thomas W. Bucci
                Thomas W. Bucci
                Fed. Bar #ct07805
                WILLINGER, WILLINGER & BUCCI, P.C.
                1000 Bridgeport Avenue
                Suite 501
                Shelton, CT 06484
                Tel: (203) 366-3939
                Fax: (475) 269-2907
                Email: thomaswbucci@outlook.com





The City of Bridgeport, Connecticut

DISCIPLINARY WRITE-UP

| | |
|---|---|
| Employee Name: | Thomas Gecewicz |
| Employee Number: | N/A |
| Job Title: | Blight Inspector |
| Union: | Unaffiliated |
| Subject: | Written Warning |
| Date of Verbal Warning: | Wednesday June 16, 2021 |

**Details:**
Thomas Gecewicz, in response to the chronic number of phone calls from constituents regarding follow up on their complaints which were assigned to you, I reviewed a Code Case Blight History Reports for your work district. The data revealed that there are several incidents when you did not respond to an assignment at all therefore, the complaint remains open. Also revealed were several other incidents when you responded very late, as much as four months from the date assigned. You and I recently discussed your delayed response to assignments. Specifically, one that was assigned to you on May 26, 2021. Per your own written explanation, you did not respond to the assignment until June 14, 2021. The almost two-week delay from the date notified to the date you responded is not an acceptable level of performance. Your response time should never exceed two working days.

You continually do not meet timeframes and your performance has gotten worse since the implementation of Energov. Despite, many attempts to provide you with case management knowledge and navigating Energov. Your inability to grasp instruction despite many training opportunities is presenting the department as a failure to those we serve and infringing on your coworkers who have you to reduce your backlog. Your performance must improve.

*Violation of the following Work Rules & Regulations:*

# 12 Inability to properly perform job functions as outlined on job description

**References:**
City of Bridgeport <u>Work Rules and Regulations</u>  93 – 01 (12/16/93)

Issuing Authority:

_[signature]_      7/29/21
Audrey M. Gaines     Date
Deputy Enforcement Officer

Date provided to employee: _____

Employee Signature of Receipt: _____

CC:    Eric Amado, Director of Labor Relations & Personnel Director
        Sandra Ferreira, Human Resources Manager
        INSERT UNION OFFICIAL NAME/TITLE
        File





CITY OF BRIDGEPORT, CONNECTICUT
# OFFICE OF LABOR RELATIONS

45 Lyon Terrace, Bridgeport, Connecticut 06604 · Telephone (203) 576-7610

ERIC AMADO
Interim Director

JOSEPH P. GANIM
Mayor

Sent via E-mail to:
tompublichealth@yahoo.com and thomas.gecewicz@bridgeportct.gov

September 3, 2021

Thomas Gecewicz
3900 Park Avenue Suite 7E
Bridgeport CT 06604

**RE:   Administrative Leave with Pay – Non-Disciplinary**

Dear Mr. Gecewicz:

Please be advised that effectively immediately, and until further notice, you are hereby placed on administrative leave with pay pending the results of your psychological evaluation. Please note that this action is administrative in nature and **non-disciplinary**. Your wages and benefits will continue unchanged during this period of paid administrative leave.

Sincerely,

Tamara J. Titre, Esq.
Senior Labor Relations Officer

cc:   Eric Amado – Director, Office of Labor Relations
      Audrey Gaines – Deputy Housing Code Enforcement Supervisor
      Ebony Jackson – Acting Director of Health and Social Services