**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **THOMAS GECEWICZ** : | **DN 3:21-cv-01298-KAD** |
| Plaintiff, : | |
| : | |
| **VS.** : | |
| : | |
| **CITY OF BRIDGEPORT,** : | |
| Defendant : | **NOVEMBER 15, 2021** |

**DEFENDANT CITY OF BRIDGEPORT'S ANSWER TO COMPLAINT**

**I.   Preliminary Statement**

1. As to what the plaintiff seeks in this action, Defendant leaves plaintiff to his burden of proof but any inference in this paragraph that the Defendant violated the statutory provisions cited herein is denied.

**II.   Jurisdiction**

2. Admitted that plaintiff has brought this action pursuant to the identified sections, but it is denied that these sections were violated.

3. Admitted.

4. It is admitted that plaintiff is seeking the relief cited but denied that he is entitled to said relief.

5. It is admitted that plaintiff is seeking the relief cited but denied that he is entitled to said relief.

6. Denied.

1

**III.     Venue**

7. Denied as alleged. To the extent that this paragraph alleges that Defendant engaged in an unlawful employment practices said allegation is denied.

**IV.     Parties**

8. Upon information and belief, admitted.

9. Admitted.

10. Admitted.

11. Upon information and belief admitted.

12. Upon information and belief admitted.

13. Admitted.

**V.     Facts**

14. The Defendant lacks sufficient knowledge to admit or deny this allegation and therefore leaves plaintiff to his burden of proof.

15. The Defendant lacks sufficient knowledge to admit or deny this allegation and therefore leaves plaintiff to his burden of proof.

16. The Defendant lacks sufficient knowledge to admit or deny this allegation and therefore leaves plaintiff to his burden of proof.

17. The Defendant lacks sufficient knowledge to admit or deny this allegation and therefore leaves plaintiff to his burden of proof.

18. The Defendant lacks sufficient knowledge to admit or deny this allegation and therefore leaves plaintiff to his burden of proof.

19. Upon information and belief admitted.

20. Admitted.

21. It is admitted that plaintiff has been employed to the position of Blight Officer and that the director of the Department of Health and Social Services is Ebony Jackson-Shaheed.

22. Admitted.

23. Upon information and belief, admitted.

24. Denied.

25. Admitted that a written warning was issued but it is denied that the only reason he was issued said warning was solely because of what is alleged in this paragraph.

26. Denied.

27. Denied.

28. Denied as alleged.

29. Denied.

30. Denied.

31. Denied as alleged. It is however, admitted that plaintiff was sent a letter dated September 3, 2021 placing him on paid administrative leave.

32. Denied.

33. Denied.

34. Denied.

35. Admitted but the Defendant had a legally legitimate reason for requiring the plaintiff to undergo said evaluation.

36. Denied.

37. Denied.

## VI.     First Cause of Action

38-74- The responses to paragraphs 1-37 above are incorporated herein.

75. Denied.

76. Denied.

77. Denied.

78. It is denied that plaintiff was sent to said evaluation because he complained about unwarranted discipline and requested training on a new software program.

79. Denied.

80. Denied.

81. Denied.

**VII. Prayer for Relief** – Defendant denies that plaintiff is entitled to any relief.

DEFENDANT, CITY OF BRIDGEPORT


By: /s/ John R. Mitola

John R. Mitola
City of Bridgeport
Office of the City Attorney
999 Broad St., 2nd Fl.
Bridgeport, CT 06604-4328
203-576-7647
Fax: 203-576-8252
Email: john.mitola@bridgeportct.gov

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2021 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.


/s/ John R. Mitola
John R. Mitola